IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40374
Conference Calendar
_____


MASSEY L. MOORE,

                                        Plaintiff-Appellant,

versus

SHERMAN POLICE DEPT; BELL, Dr.,
GRAYSON SHERIFF DEPT; JOE NEAL
SMITH,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CV-18
- - - - - - - - - -
August 22, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Massey L. Moore filed a 42 U.S.C. § 1983 action in January
1995, alleging that defendants were deliberately indifferent to
his serious medical needs following his arrest on August 12,
1990, for exposing another person to a venereal disease.  Moore
alleged that the defendants failed to test him to determine the
type of infection and to prescribe him proper medical treatment.

─────────────────

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Moore alleged that following this failure to treat him he was diagnosed with syphilis and treated nine months later in May 1991, after he was subsequently in the custody of the Texas Department of Criminal Justice.

Because no specified federal statute of limitations exists for 42 U.S.C. § 1983 suits, federal courts borrow the forum state's general or residual personal injury limitations period. Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). In Texas, the applicable period is two years. Id. Under federal law, the statute of limitations begins to run from the moment the plaintiff knows or has reason to know that he ha been injured and who has inflicted the injury. Moore v. McDonald, 30 F.3d 616, 620-21 (5th Cir. 1994).

Moore's civil rights suit was filed well past the time the relevant statute of limitations accrued. At the point that Moore was diagnosed nine months after his arrest of a venereal disease which he suspected was a different disease from the one which he believed he had at the time of his arrest, Moore was on notice of the injury he sustained and the people responsible for it. Moore's allegation of ignorance regarding the dangerousness of untreated syphilis does not halt the limitations. See Longoria v. Bay City, 779 F.2d 1136, 1139 (5th Cir. 1986). The limitations period for filing suit regarding Moore's claim ended in May 1993. See Rodriguez, 963 F.2d at 803. The district court did not err in dismissing Moore's suit with prejudice as barred by the relevant limitations period.

Because the district court warned Moore that additional frivolous suits could result in sanctions, we inform him that the warning applies as well to the filing of frivolous appeals. E.g., Coghlan v. Starkey, 852 F.2d 806, 811 (5th Cir. 1988); Clark v. Green, 814 F.2d 221, 223 (5th Cir. 1987).

AFFIRMED.